IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

POPULAR AUTO, INC.,

Plaintiff,

v.

M/V 'CUKINA', its engines,
tackle, equipment and furnishing, etc., in rem;
RALPHIE R. PEREZ AGOSTO and
SHARON ISERN TORRES
and their CONJUGAL PARTNERSHIP,

Defendants.

CIVIL NO. 10-02240 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Popular Auto, Inc. (hereafter "Popular Auto") filed a complaint against defendants, that is, M/V CUKINA, *in rem*, and individual defendants Ralphie R. Pérez Agosto, Sharon Isern Torres and their conjugal partnership, *in personam* (hereafter "defendants") in regards to the foreclosure of a preferred ship mortgage as to the M/V CUKINA and its owners' who executed a promissory note as guarantee thereof.[1] The Complaint submits above defendants owe plaintiff Popular Auto the amount of $202,751.21 in principal (Docket No. 1).[2]

---

[1] M/V "CUKINA" Hull Identification Number SSUR4187H001 is an American flag vessel owned and operated by defendants.

[2] The amounts requested in the Complaint were modified by the sworn statement submitted in support of the request for entry of summary judgment as to the costs incurred in the execution of the Writ of Attachment. No update as to the interest accrued and penalties has been submitted for which judgment will be as of November of 2011. (Docket No. 47, Sworn Statement of Roberto Hardouin Lorenzo).

On November 30, 2011, Popular Auto filed a Motion for Summary Judgment with its Statement of Uncontested Facts and relevant exhibits. (Docket No. 39). Plaintiffs did not file a reply to said motion.

There is no need for an evidentiary hearing to be held in the instant case since the amount requested by plaintiff Popular Auto is for a sum certain as established by the promissory note and a preferred mortgage over the vessel CUKINA which was executed before notary public by defendants. Taking into account the sum certain and the required documentation for the necessary judicial determination as to the summary judgment, the unopposed summary request is resolved as follows.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[3]

Pursuant to the language of the applicable rule, as amended in 2010, the party bears the two-fold burden of showing that there is "no genuinely disputed." The party may also show that the materials cited do not establish the absence or presence of a genuine dispute,

---

[3] On April 28, 2010, the Supreme Court of the United States approved amendments to Federal Rule of Civil Procedure 56, effective December 1, 2010. The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases. *See* Ophthalmic Surgeons, Ltd. v. Paychecx, Inc., 632 F.3d 31 (1st Cir. 2011).

or that an adverse party cannot produce admissible evidence to support the fact." *See* Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997) since the standards for granting summary judgment remains unchanged under the 2010 amendments.

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with the motion. NEPSK, Inc. v. Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002). However, failure to oppose does not mean the summary judgment requested will be automatically granted for even upon absence of an opposition, summary judgment motions must be scrutinized in accordance with rule governing such motions. *See* Perez-Cordero v. Wal-Mart Puerto Rico, 440 F.3d 531 (1st Cir. 2006).[4]

**FINDINGS OF FACTS**

As attested by the statement under penalty of perjury, the Verified Complaint and plaintiff's uncontested statements, the following facts are determined to be uncontested:

1. Plaintiff Popular Auto is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, duly authorized to do business in Puerto Rico. (Plaintiff's Uncontested ¶1; Exhibit I; Verified Complaint ¶5).

2. The vessel M/V CUKINA, Hull No. SSUR4187H001, its engines, machinery, appurtenances, are duly documented under the laws of the United States. (Plaintiff's Uncontested ¶2; Exhibit II).

3. As per Certificate of Documentation, the vessel M/V CUKINA is owned by defendants Ralphie R. Pérez Agosto and his wife Sharon Isern Torres. (Plaintiff's Uncontested ¶3; Exhibit II).

---

[4] Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19 (1st Cir. 2006) (in an uopposed motion for summary judgment, the district court is obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate).

4. On June 21, 2007, for valuable consideration, defendants executed and delivered to plaintiff Popular Auto a promissory note (hereafter the "Note") in the principal sum of Two Hundred Fifteen Thousand Dollars ($215,000.00), with interest at the rate of 8.99 *per annum*, subscribed before notary public José David Medina Rivera, affidavit number 9, 189. (Plaintiff's Uncontested ¶4; Exhibit III).

5. The note is guaranteed by a First Preferred Ship Mortgage (hereafter the "Mortgage") as to the M/V CUKINA in the amount of $215,000.00, in favor of Popular Auto which secures payment of all the amounts as per the note. (Plaintiff's Uncontested ¶5; Exhibit IV).

6. The mortgage was duly recorded with the National Vessel Documentation Center at the United States Coast Guard on July 3, 2007 at 8:40 am., official number 7405313 and in all respects qualified as a Preferred Ship Mortgage under Title 46, United States Code, Sections 31322 and 31325. (Plaintiff's Uncontested ¶6; Exhibit IV).

7. Popular Auto is the owner and holder of the note, the mortgage and guarantee thereto on the M/V CUKINA. (Plaintiff's Uncontested ¶9).

8. Defendants have defaulted in the payment obligations by failing to make the balloon payment corresponding to the month of June 21, 2010, plus late charges and interest accrued as of such date. (Plaintiff's Uncontested ¶10).

9. Instead of paying the due balance of June of 2010, defendants made three partial payments, to wit; on June 28, 2010 for $3,866.01; July 7, 2010 for $1,933.03; and July 29, 2010 for $920.00. (Plaintiff's Uncontested ¶11).

10. After applying the payments described as above partial payments, defendants still owe the amount of $202,751.12, which has not been paid. (Plaintiff's Uncontested ¶12).

11. On May 19, 2010, defendants were notified of their obligation for a final payment and thereafter written communications were exchanged among the parties regarding payment and/or refinancing of the balance owed to plaintiffs. (Plaintiff's Uncontested ¶13; Exhibits V, VI, VIII, IX, X and XI).

12. Defendants and the vessel M/V CUKINA owe plaintiff Popular Auto the amount of $202,751.21, in principal, plus accruing interest amount to $7,639.47, at the rate of 8.99% annually, calculated until November 2011, or a *per diem* of $50.63 until the full and total payment, plus the amount of $437.25 , for late fees, plus attorney's fees equal to fifteen percent (15%) of the principal. (Plaintiff's Uncontested ¶20, Exhibit III).

## LEGAL DISCUSSION

Plaintiff Popular Auto filed a complaint for collection of monies under the Admiralty and Maritime Jurisdiction under Fed.R.Civ.P. 9(h), Rule C of the Supplemental Rules of

Admiralty and Maritime Claims 28 U.S.C. §1333.[5] Plaintiff Popular Auto thereafter filed a request for summary judgment, which defendants failed to reply in opposition to entry of said judgment, pursuant to Federal Rule of Civil Procedure 56.

Plaintiff Popular Auto is the holder of the promissory note and the preferred mortgage as subscribed by defendants Ralphie R. Pérez Agosto and his wife Sharon Isern Torres and their conjugal partnership over the M/V CUKINA, a 2001/35' Tiara Express, Hull No. SSUR4187H001.

The record before this Court shows also plaintiff Popular Auto has served notice and summoned defendants *in personam* and by publication as to the vessel CUKINA.

Plaintiff Popular Auto seeks to enforce its Preferred Ship Mortgage and the outstanding indebtedness secured by the mortgaged vessel against the mortgagor and/or guarantors, defendants Ralphie R. Pérez Agosto, his wife Sharon Isern Torres and their community property, for there being supplemental or pendent jurisdiction against the defendants under Title 28, United States Code, Section 1367.

The claim filed by plaintiff Popular Auto as to defendants is "liquidated," so as to permit the District Court to enter summary judgment in favor of plaintiff and against defendants without holding a damages hearing, since the amount thereof has been ascertained and agreed upon by parties or fixed by operation of law. Fed.Rules Civ.Proc.Rule 55(b)(2); 28 U.S.C.A. The term "sum certain" in this context contemplates

---

[5] In order to invoke Rule C to arrest a vessel, plaintiff must have a valid maritime lien against the defendant's vessel, for a maritime lien is the foundation of a proceeding *in rem*. Navieros Inter-Americanos, S.A. v. M/V Vasilia Exp., 120 F.3d 304, 313 (1st Cir. 1997).

a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments. KPS & Associates, Inc. V. Designs By FMC, Inc., 318 F.3d 1 (1st Cir. 2003); *see* 10 *Moore's Federal Practice* ¶ 55.22[1] (2002). Additionally, plaintiff is entitled to *in rem* proceedings as to the vessel, which holds the vessel itself as the obligor. Trans-Asiatic Oil Ltd. S.A. v. Apex Oil Co., 743 F.2d 956, 960-63 (1st Cir. 1984).

Thus, in the present case, no further evidentiary inquiry is necessary for the claim filed by plaintiff is one for a sum certain as established by notarized documents.

A.   **Amounts Owed.**

Upon having defaulted in payment on the promissory note guaranteed by a First Preferred Ship Mortgage as to the M/V CUKINA, defendants owe plaintiff Popular Auto a total of $202,751.21, in principal, plus accruing interest which amounts to $7,639.47 at a rate of 8.99% annually calculated until November 2011 or a *per diem* of $50.63 until the full and total payment, plus the amount of $ 437.25 , for late fees, which includes principal, interest, and late charges.

   **1.   Amount Owed for Attorney's Fees and Costs.**

Plaintiff Popular Auto has requested attorneys' fees in the amount of $30,412.68, equivalent to fifteen percent (15%) of the owed principal as established in the promissory note and the mortgage.

As to plaintiff's request for an award of attorney's fees, one must take notice that a court has inherent power to assess attorney's fees when a party has acted in bad faith,

vexatiously, wantonly and/or for oppressive reasons. F. D. Rich Co. v. United States Ex Rel Industrial Lumber Co., 417 U.S. 116, 129 (1974); Gradmann & Holler, Gmbh. v. Continental Lines, 679 F.2d 272, 274 (1st Cir. 1982). Additionally, attorney's fees were agreed upon by the parties, as established in the promissory note. (Plaintiff's Exhibit III).

Thus, attorney's fees based on the amount attested of fifteen percent (15%) of the principal owed have been established as uncontested.

Insofar as costs and expenses, the record shows defendants surrendered the vessel to plaintiff more than a year ago. These costs incurred by plaintiffs at the present were attested to as of September 9, 2011, upon having executed then the *Writ of Attachment*, and includes, as uncontested the appraisal for $350.00, substitute custodian for $1,560.00, and court costs related to arrest $1,252.68.[6]

### 2. Additional Requests.

Plaintiff Popular Auto also requests relief insofar as it be allowed the foreclosure of the preferred mortgage and sale of the M/V CUKINA wherein plaintiff be permitted to bid, without cash deposit, its judgment, accrued interest, cost and attorney's fees, up to the full amount. To this end, plaintiff will apply the net proceeds of the auction of the vessel as payment or partial payment of the judgment, and if, should there be any surplus, the amount is to be paid to defendants in accordance with law.

---

[6] Other claims of costs for repairs and marina charges and maintenance are not properly explained or itemized as necessary, in particular since there is a significant gap as of the time defendants surrendered the vessel to plaintiff and the date informed as the one the *Writ of Attachment* was executed. As such, these amounts are not considered as uncontested or properly established by plaintiff to be adjudicated through this summary judgment.

Admiralty law conceives of a vessel as an entity distinct from its owner, so an *in rem* action to enforce a maritime lien is brought against the vessel itself, rather than against the owner. Puerto Rico Ports Authority v. BARGE KATY-B, 427 F.3d 93 (1st Cir. 2005)(statutory presumption in favor of maritime lien is a strong one); Navieros Inter-Americanos, S.A. v. M/V Vasilia Exp., 120 F.3d 304, 313 (1st Cir. 1997). Courts have long recognized the special needs of persons engaged in maritime commerce, including a justification of the use of *in rem* proceedings to hold the vessel itself as the obligor. *See, e.g.*, Maine Nat. Bank v. F/V Explorer, 833 F.2d 375 (1st Cir. 1987); Trans-Asiatic Oil Ltd. S.A. v. Apex Oil Co., 743 F.2d 956, 960-63 (1st Cir.1984); Amstar Corp. v. S/S Alexandros T., 664 F.2d 904, 907-12 (4th Cir.1981).

Having duly established the amounts owed to plaintiff Popular Auto by defendants by summary disposition and its entitlement to foreclose on the preferred ship mortgage and the sale of the vessel, judgment is to be entered in favor of plaintiff and against defendants.

**B.   Deficiency Judgment against Defendants.**

Plaintiff Popular Auto included a request for the Court to enter a deficiency judgment as to individual defendants. A district court has pendent party jurisdiction over a vessel buyer who had promised to carry out payments on a ship mortgage, in deficiency action brought by mortgagee in connection with the mortgage foreclosure claim, for it is considered to involve an action having a common nucleus of operative facts.[7] Title 28,

---

[7] Under the Judicial Improvement Act of 1990, supplemental jurisdiction, which encompasses claims involving "the same nucleus of operative facts", automatically extends to claims against additional parties. Roche v. John Hancock Mutual Life Insurance Co., 81 F.3d 249, 256 (1st Cir. 1996).

Popular Auto, Inc., v. M/V Cukina, et al
Civil No. 10-2240 (CVR)
Opinion and Order
Page No. 11

---

United States Code, Section 1333. *See* Ponce Federal Bank, F.S.B. v. Vessel Lady Abby, 980 F.2d 56 (1st Cir. 1992).

The record shows defendants wrote to inform they were surrendering the M/V CUKINA to plaintiff more than a year prior to the filing of the summary judgment request as a sort of attempt by defendants for plaintiff to accept the vessel as payment in kind for the debt. Still, a district court has pendent party jurisdiction over a vessel buyer, who promised to carry out payments on a ship mortgage, in deficiency action brought by mortgagee bank in connection with its mortgage foreclosure claim; mortgage foreclosure admiralty claims and Puerto Rico law mortgage-deficiency claims which involved a common nucleus of operative facts so that single proceeding to decide both was fair. Ponce Federal Bank, F.S.B. v. Vessel Lady Abby, 980 F.2d at 58.

The gap between the appraised value of the mortgaged property and the price obtained at the foreclosure sale may bar summary judgment for the deficiency when there are genuine issues of material fact whether the foreclosure sale was conducted in good faith and in a commercially reasonable manner. Resolution Trust Corp. v. Carr, 13 F.3d 425, 427-28 (1st Cir. 1993). For such reason, defendants may be entitled to appeal any deficiency judgment that may be attributed to them. Federal Rule of Civil Procedure 56(c) provides that summary judgment may only be entered "if there is no genuine issue as to any material fact." In reviewing a summary judgment order entered by a district court, the court of appeals has plenary powers. *See* Garside v. Osco Drug, Inc., 976 F.2d 77, 78 (1st Cir.1992); Olivera v. Nestle Puerto Rico, Inc., 922 F.2d 43, 45 (1st Cir.1990). The court, in making its

review, must "look at the record in the light most favorable to the party opposing summary judgment and accept all reasonable inferences favorable to such party arising from the record." *Id.* at 45 (citations omitted).

Where a guaranty is unconditional, a creditor, at least absent willful or grossly negligent waste or misconduct, may recover a deficiency judgment from an unconditional guarantor without regard to the creditors' treatment of the collateral. <u>Mendelson v. Maplewood Poultry Co.</u>, 684 F.2d 180 (1st Cir. 1982).

Even though plaintiff Popular Auto is entitled to a deficiency judgment, the amount of the same cannot be calculated and is not considered certain. As such, summary judgment adjudication thereof cannot be determined.

## CONCLUSION

In view of the above discussed, plaintiff Popular Auto, Inc.'s Motion for Summary Judgment is GRANTED. (Docket No. 39).

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of February of 2012.

                                        s/CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE