IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

POPULAR AUTO, INC.

Plaintiff

v.

M/V 'CUKINA', its engines, tackle,
equipment and furnishing, etc., in rem;
RALPHIE R. PEREZ AGOSTO and
SHARON ISERN TORRES, and
their conjugal partnership,

Defendants.

CIVIL NO. 10-2240 (CVR)

**OPINION AND ORDER**

On February 7, 2012, this Court entered an Amended Judgment as to the M/V CUKINA, *in rem,* and defendants Ralphie E. Pérez-Agosto and Sharon Isern-Torres (hereafter "defendants"), *in personam*, and their conjugal partnership for a total of $202,751.21, in principal, plus interest and/or *per diem* thereafter until full and total payment, plus attorney's fees and itemized costs. (Docket No. 58).

Defendants Pérez-Agosto and Isern-Torres filed a second motion to obtain relief from judgment entitled "Motion for Relief under Rule 60(b)(6)"[1]. (Docket No. 87). Plaintiff Popular Auto, Inc. (hereafter "plaintiff") filed its reply. (Docket No. 89).

Defendants now seek to set aside this Court's order granting plaintiff's request to depose *in personam* defendants so as to obtain post-judgment discovery. In fact, the initial request by plaintiff for the deposition at issue was granted in part and denied in part.

---

[1] The previous motion under Fed.R.Civ.P. 60(b)(1) (Docket No. 59) was ruled upon at Docket No. 60.

Popular Auto, Inc. v. M/V 'Cukina'
Civil No. 10-2240 (CVR)
Opinion and Order
Page 2

(Docket Nos. 83 and 84). On June 22, 2012, plaintiff submitted its amended motion requesting order to depose *in personam* defendants, in compliance with the Court's previous order, and it was allowed. (Docket Nos. 85 and 86).

In support of their second motion for relief, defendants submit plaintiff's request and the order issued allowing defendants' deposition is contrary to the Opinion and Order issued on February 3, 2012, in reference to the opinion as to summary judgment that a deficiency judgment amount could not be then calculated and was as such not considered a sum certain for which summary judgment on the particular issue was not adjudicated. The post-judgment attempt to depose defendants *in personam* is considered as plaintiff's veil attempt to obtain the deficiency judgment. Thus, defendants seek relief from attending the deposition, which they acknowledge is committed to the discretion of the Court. *See* Fed.R.Civ.P. 60(b).[2]

Defendants previously objected to the minimum price bid of $90,000.00, obtained at the public auction in execution of the judgment obtained by plaintiff under a general allegation plaintiff failed to fulfill the obligation of obtaining the best possible price for the vessel at the sale, having obtained thus the vessel for such low discounted price and now attempts to obtain the difference as a deficiency on the mortgage from defendants, when instead they may be able to finally sell the vessel for a generous profit.

---

[2] Rule 60(b) allows for relief from judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud –whether intrinsic or extrinsic–, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b) (1-6).

Popular Auto, Inc. v. M/V 'Cukina'
Civil No. 10-2240 (CVR)
Opinion and Order
Page 3

    Regardless that defendants have argued against the deficiency judgment, the fact is that the relief solely addresses the issue of having been summoned to provide their deposition testimony at the request of plaintiff, which has already been authorized by this Court through some modification.

    The summary judgment did not rule on the amount of the deficiency judgment as to defendants in their personal capacities nor was it therein determined for then being premature until the public auction was held.  Any gap that could exist between the appraised value of the mortgaged property and the price obtained at the foreclosure and resulting public sale of the vessel, does not preclude plaintiff's post-judgment discovery through defendants' deposition.  More so, defendants are apprised that having already the Court granted plaintiff's request for post-judgment discovery, their failure to comply may result in an order to show cause and the imposition of any applicable sanctions.

    In view of the foregoing, the "Motion for Relief under Rule 60 (b)(6)", which is limited to defendants attending and offering their deposition testimonies as requested by plaintiff, is DENIED. (Docket No. 87).

    IT IS SO ORDERED.

    At San Juan, Puerto Rico, this 27th day of August of 2012.

                      S/CAMILLE L. VELEZ-RIVE
                      CAMILLE L. VELEZ-RIVE
                      UNITED STATES MAGISTRATE JUDGE